**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ X

| | | |
|---|---|---|
| FIRST HORIZON BANK, | : | [__ Civ. ____ (___)(___)] |
|         Interpleading Plaintiff, | : | |
|         v. | : | **COMPLAINT** |
| MOHAMMED GOLAM and SAYEM SOBHAN, | : | |
|         Interpleaded Defendants. | : | |

‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ ‒ X

Interpleading Plaintiff FIRST HORIZON BANK ("FHB"), by and through its undersigned attorneys, Garson Segal Steinmetz Fladgate LLP, for its Complaint against the Interpleaded Defendants, MOHAMMED GOLAM ("Golam") and SAYEM SOBHAN ("Sobhan") (collectively, the "Defendants or" "Interpleaded Defendants"), alleges as follows:

**PARTIES**

1.      FHB is a Tennessee banking corporation and is a citizen of the State of Tennessee.

2.      Upon information and belief, Golam is a citizen of Bangladesh and Canada.

3.      Upon information and belief, Sobhan is a citizen of Bangladesh and Dubai, United Arab Emirates.

**JURISDICTION AND VENUE**

4.      Plaintiff FHB is a citizen of the State of Tennessee. Upon information and belief, Defendant Mohammed Golam is a citizen of Bangladesh and Canada and Defendant Sayem Sobhan is a citizen of Bangladesh and United Arab Emirates.

5.    The matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs. Accordingly, complete diversity exists, and this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

6.    Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of property that is the subject of the action is situated in this district; and 28 U.S.C. § 1391(c)(3), in that the Interpleaded Defendants are not residents of the United States and thus may be sued in any judicial district.

7.    This action is brought as an Interpleader Complaint under Rule 22 of the Federal Rules of Civil Procedure.

**INTERPLEADER ACTION**

8.    This is an interpleader action against the Interpleaded Defendants in which FHB seeks a determination as to ownership of funds in a particular FHB account.

9.    On July 21, 2022, Sobhan opened an individual personal checking account with FHB ending in #6954 ("Sobhan Account"). A true and correct copy of the account formation documents is attached hereto as **Exhibit A**.

10.    As reflected in the account formation documents, Sobhan was designated as the sole owner and signer. *See* **Exhibit A** at p. 1.

11.    Golam also banked with FHB and opened a personal checking account with FHB ending in #2859 ("Golam Account").

12.    On April 25, 2022, Sobhan provided FHB with a letter of authorization indicating that Golam "assists [him] with all financial transactions in the United States" and "authorizing

him to be added as a Signer for access to my First Horizon Banking relationship." A true and correct copy of the April 25, 2022 letter of authorization is attached hereto as **Exhibit B**.

13.     In accordance with the letter of authorization, FHB updated the original signature card on the Sobhan Account to add Golam as a signer.

14.     In August 2022, Golam contacted FHB's private banking relationship manager for the Sobhan Account, and stated he was no longer handling Sobhan's affairs and that someone else was taking over management of the Sobhan Account.

15.     However, on October 17, 2022, Golam instructed FHB to transfer $990,058.58 from the Sobhan Account to the Golam Account, which transfer took place. Golam then instructed FHB to transfer $990,000.00 ("Funds") from the Golam Account to Golam's personal account at another bank, TD Bank. Due to Golam's statement that he was no longer involved with management of the Sobhan Account, FHB sought confirmation from Sobhan regarding the transfer had taken place.  Golam never provided confirmation of the same.

16.     Golam subsequently requested that the Funds be transferred back to the Sobhan Account pending confirmation from Sobhan.

17.     On October 20, 2022, Golam closed the Golam Account.

18.     Weeks later, on November 14, 2022, Golam instructed FHB to wire funds from the Golam Account, despite having closed it. When reminded of the closure, he revised his request to wire funds from the Sobhan Account. Again, FHB indicated the wire transfer could not be completed until FHB received confirmation from Sobhan regarding who had authority to handle the Sobhan Account. Golam responded that he was "not in a position to effectuate a call/meeting anymore with Mr. Sobhan."

19.     Despite the foregoing, on December 21, 2022, Golam commenced an action against FHB in the State of New York, County of New York for breach of contract and violation of New York UCC Article 4-A, Conversion, and Mandatory Injunction, which action was subsequently removed to the Southern District of New York, Case No. 1:23-cv-00850-VSB ("Golam Lawsuit").

20.     According to the complaint filed in the Golam Lawsuit, Golam is a purported joint account owner of account ending in #6954, i.e. the Sobhan Account. Golam alleges that FHB improper failed to transfer, upon his request on November 14, 2022, the Funds from the Joint Account to his personal banking account at TD Bank.  A true and correct copy of the Complaint in the Golam Lawsuit is annexed hereto as **Exhibit C**.

21.     Golam contends he is a joint owner of the Sobhan Account and is claiming entitlement to the Funds.

22.     However, account records from Sobhan reflect that Sobhan is the sole owner of the Sobhan Account, with Golam having only limited rights as a signer which, by Golam's own statement to FHB, were relinquished.

23.     Sobhan is claiming entitlement to the Funds, and contends he is the sole owner of the Sobhan Account.

24.     Golam's claim to the Funds is adverse to Sobhan's claim to the Funds.

25.     FHB is subject to uncertainty as to the ownership of the Funds and is subject to real and potential competing claims thereto. FHB has not been able to determine which of the Interpleaded Defendants is entitled to take legal possession of the Funds.

26.     FHB may be subject to double or multiple liability with expect to the Funds, as each Interpleaded Defendant may claim an interest in, or ownership of, the Funds.

27.    FHB, as a mere stakeholder, with the Court's approval, will promptly deposit the Funds with the Clerk of the Court and seek to be discharged from further liability regarding the Funds.  FHB files this interpleader action in good faith and without any collusion with any parties thereto.

**WHEREFORE**, the Interpleading Plaintiff, FIRST HORIZON BANK, respectfully prays for judgment against the Interpleaded Defendants as follows:

A.    That the Interpleaded Defendants and each of them be required to interplead and litigate among themselves their claims to the Funds;
B.    That the Court determine the rights of the Interpleaded Defendants to the Funds;
C.    That the Plaintiff be dismissed from this action without prejudice following deposit of the Funds into the registry of the Court;
D.    That the Court award to the Plaintiff attorney's fees and costs and taxable costs from the Funds; and
E.    For such other relief as the Court deems just and proper

Dated: April 3, 2023
Aventura, Florida

**GS2 LAW PLLC**
By: _/s/ Robert Garson_
Robert Garson (RG 1521)
20803 Biscayne Blvd., #405
Aventura, Florida 33180
(305) 780-5212
rg@gs2law.com
_Attorneys for First Horizon Bank_

To:    STERN TANNENBAUM & BELL LLP
380 Lexington Avenue
New York, New York 10168
**Attorneys for Defendant Golam**

ROSS PLLC
1345 Avenue of the Americas, 33rd Floor
New York, New York 10105
**Attorneys for Defendant Sobhan**